No. 26-1364

# In the United States Court of Appeals for the Tenth Circuit

RESTAURANT LAW CENTER, *et al.*,
*Appellants*

v.

CITY AND COUNTY OF DENVER, *et al.*,
*Appellees*

On Appeal from the U.S. District Court for the District of Colorado
No. 1:24-CV-01862, Chief District Judge Phillip A. Brimmer

**Appellants' Opposed Second Motion to Extend Time to File Opening Merits Brief and Appendix**

Scott Novak
BAKER BOTTS L.L.P.
700 K Street NW
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

J. Mark Little
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

Daniel B. Rankin
BAKER BOTTS L.L.P.
401 S. 1st Street, Ste. 1300
Austin, TX 78704
(737) 393-7297
daniel.rankin@bakerbotts.com

Pursuant to Federal Rule of Appellate Procedure 26(b) and Tenth Circuit Rule 27.6, Appellants American Hotel & Lodging Association, Colorado Restaurant Association, Home Builders Association of Metropolitan Denver, National Apartment Association, National Association of Home Builders of the United States, National Propane Gas Association, and Restaurant Law Center respectfully request a 30-day extension of time, to and including January 4, 2027, to file their opening brief on the merits and appendix.

1. On September 15, 2026, this case was docketed and the preliminary record was filed. Appellants thereafter timely filed their entry of appearance, disclosure statements, and transcript order form.

2. On September 22, 2026, this Court received notice that the record was complete and accordingly issued an order requiring Appellants to file their opening brief on the merits and appendix by November 2, 2026.

3. On September 30, 2026, the Court granted Appellants' first motion for an extension of time to file their opening brief on the merits and appendix, extending the due date to December 2, 2026.

4. Appellants now request a second 30-day extension of time to file their opening brief on the merits and appendix.

5. Appellants seek this extension in order to save both the parties and Court resources that may otherwise be needlessly expended in this case.

6. The key question in this case is whether the Energy Policy and Conservation Act ("EPCA") preempts certain City and County of Denver ("Denver") laws that restrict or ban the use of certain natural gas appliances. *See Restaurant Law Center v. City & County of Denver*, No. 24-CV-01862-PAB-KAS, 2026 WL 2908083, at *1 (D. Colo. Aug. 7, 2026) ("Plaintiffs claim that Denver's natural gas appliances laws are preempted by federal law"); *id.* at *2 (describing the bans on "fossil-fuel warm air furnaces" and "fossil fuel water heaters").

7. That EPCA preemption question at the heart of this case is the subject of a circuit split between the Ninth and Second Circuits. The Ninth Circuit has held that EPCA preempts state and local efforts to ban gas appliances in buildings: "EPCA would no doubt preempt an ordinance that directly prohibits the use of covered natural gas appliances in new buildings. So Berkeley can't evade preemption by merely moving up one step in the energy chain and banning natural gas piping within those buildings." *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1107 (9th Cir. 2024).[1] The Second Circuit disagreed and held that "EPCA does not preempt" "state and local laws which prohibit fossil-fuel-powered appliances." *Ass'n of Contracting Plumbers of the City of New York, Inc. v. City of New York*, 180

[1] In a later case, the Ninth Circuit held that certain kinds of emissions regulations are not preempted by EPCA. *See Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, 184 F.4th 1094 (9th Cir. 2026). But neither this case nor the Second Circuit case involves those kinds of emissions regulations.

F.4th 434, 438 (2d Cir. 2026). In doing so, the Second Circuit acknowledged that it was breaking with *Berkeley* and "creat[ing] 'a split among the Circuits'" on the EPCA preemption issue. *Id.* at 451 (quoting *Lamay v. Comm'r*, 562 F.3d 503, 508 (2d Cir. 2009)).

8. The deadline to file a petition for writ of certiorari in *Association of Contracting Plumbers* is November 24, 2026. It is Appellants' understanding that the challengers in that case will file such a petition and ask the Supreme Court to take up the case and resolve the acknowledged circuit split.

9. Given the centrality of the EPCA preemption question to this case and the substantial guidance the Supreme Court may offer on it, Appellants believe that when such a petition is filed, the Court should abate this case pending the Supreme Court's decision on the petition, and, if granted, during the pendency of the merits case. However, Appellants understand that it would be unusual for the Court to issue an abatement before any petition has been filed. For that reason, Appellants do not plan to move for such an abatement until the petition has been filed.

10. Appellants seek this extension in order to bridge the gap between now and then. Without an extension, Appellants would have to substantially complete their opening brief before the petition deadline passes in the *Association of Contracting Plumbers* case. That would result in a waste of resources if the Court

later abates the case in light of the filing of that petition, especially in the event that the Supreme Court grants certiorari and issues an opinion on EPCA preemption.

11. Further supporting this extension is that the costs of delay fall principally, if not wholly, on Appellants. Appellants lost below. The challenged laws remain in effect. Therefore, it is Appellants and their members, not Appellees, that are being harmed in the interim.

12. If this Motion is granted, Appellants intend to promptly move for an abatement of this case once the petition for writ of certiorari is filed in *Association of Contracting Plumbers*.

13. In accordance with Tenth Circuit Rules 27.1 and 27.6, counsel for Appellants has contacted counsel for Appellees City and County of Denver and Sierra Club regarding this Motion. Counsel indicated that Appellees oppose this Motion.

14. For these reasons, Appellants respectfully request that this Motion be granted and that Appellants be given up to and including January 4, 2027, to file their opening brief and appendix.

Respectfully submitted,

BAKER BOTTS L.L.P.

/s/ *J. Mark Little*
J. Mark Little
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

Scott Novak
700 K Street NW
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

Daniel B. Rankin
401 S. 1st Street, Ste. 1300
Austin, TX 78704
(737) 393-7297
daniel.rankin@bakerbotts.com

*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 898 words.

2. This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

*/s/ J. Mark Little*
J. Mark Little

## CERTIFICATE OF SERVICE

I certify that on October 29, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

*/s/ J. Mark Little*
J. Mark Little