**No. 26-1364**
In the United States Court of Appeals
for the Tenth Circuit

---

RESTAURANT LAW CENTER, *et al.*,
*Appellants*

v.

CITY AND COUNTY OF DENVER, *et al.*,
*Appellees*

---

On Appeal from the U.S. District Court for the District of Colorado
No. 1:24-CV-01862, Chief District Judge Phillip A. Brimmer

---

# Appellees' Joint Response to Appellants' Opposed Second Motion to Extend Time to File Opening Merits Brief and Appendix

---


Michele A. Horn
Adam Christopher Hernandez
Assistant City Attorneys
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org

Gabriel J. Daly
Sam Walsh
Roselle LLP
300 New Jersey Ave., NW, Suite 300
Washington, DC 20001
(617) 817-4105
gabe.daly@rosellellp.com

*Attorneys for Appellee the City and County of Denver*

Michael Hiatt
Lindsey Dundas
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
ldundas@earthjustice.org

Matthew Gerhart
Jim Dennison
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org
jim.dennison@sierraclub.org

*Attorneys for Appellee-Intervenor Sierra Club*

Appellees the City and County of Denver and Sierra Club respectfully oppose Appellants' second request for an extension of time to file their opening brief on the merits and appendix.

1. The basis for Appellants' extension request is that the appellants in *Association of Contracting Plumbers of the City of New York, Inc. v. City of New York*, Nos. 25-977, 25-2041 (*Contracting Plumbers*), may petition the Supreme Court for certiorari following the Second Circuit's denial of their request for rehearing *en banc*. But the Second Circuit denied *en banc* review on August 26, 2026, thereby starting the clock for a timely cert petition. Appellants filed their appeal in this case nearly three weeks *after* the Second Circuit's order denying *en banc* review, and their first extension motion in this Court two weeks later still. *See* Docket No. 17 (Sept. 29, 2026). So, the supposed basis for further delay in this case has been known to Appellants since before they filed their appeal and was known to Appellants at the time they sought—and received—Appellees' consent to an extension to a date of Appellants' choosing. Appellants' newfound concern for wasted resources comes too late.

2. Further, Appellants' grounds for an extension—that parties in another case *may* file a petition for certiorari, which the Supreme Court *might* grant—rests on a chain of uncertainties too speculative to warrant further delay in this case. While the deadline for the filing of a petition for certiorari is known (November

24, 2026), that deadline could be extended by motion, and there is no deadline for the Supreme Court's decision on any petition. A brief in opposition will not be due until the end of December at the earliest—and, given the holidays, may well be subject to an extension request. *See* Supreme Court Rule 15. And were the Supreme Court to grant any such petition, that decision would likely come only after multiple conferences of the Justices. As Appellants acknowledge, "it would be unusual for the Court to issue an abatement before any petition has been filed." Docket No. 20 ¶ 9. This irregularity is increased, not resolved, by Appellants' proposal to "bridge the gap" with an extension until a petition for certiorari may be filed. Appellants suggest that they would move for abeyance if such a petition is filed, even though the Supreme Court may or may not grant such a petition. The sequence of events that Appellants contemplate would not resolve any uncertainty about the potential petition for certiorari, but it would consume judicial and party resources at every step.

3. Appellants' suggestion that continued litigation in this Court risks the waste of judicial resources runs counter to the approach taken by three sister circuits. Since the Second Circuit denied rehearing *en banc* in *Contracting Plumbers*, cases across the country raising substantially similar issues involving the preemptive effect of the Energy Policy and Conservation Act have continued to

proceed. Four additional cases, pending in three other circuit courts, present closely related questions:

a. In the D.C. Circuit, *National Association of Home Builders of the U.S. v. District of Columbia*, No. 26-7050, was argued September 8, 2026. No decision has yet issued.

b. In the Fourth Circuit, *National Association of Home Builders of the U.S. v. Montgomery County*, No. 26-1449, and *Maryland Building Industry Association v. McIlwain*, No. 26-1552, are scheduled for argument Dec. 8, 2026.

c. In the Seventh Circuit, briefing in *Clean Energy Choice Coalition, NFP v. Village of Oak Park*, No. 26-2715, is set to conclude December 7, 2026.

4. In all of those cases, significant resources have been expended since the denial of *en banc* review in *Contracting Plumbers*. But there is nothing wasteful about that. Rather, allowing "several courts of appeals to explore a difficult question before [the Supreme] Court grants certiorari" is exactly how our judicial system is intended to function. *United States v. Mendoza*, 464 U.S. 154, 160 (1984); *see also E. I. du Pont de Nemours & Co. v. Train*, 430 U.S. 112, 135 n.26 (1977) (extolling "the wisdom of allowing difficult issues to mature through full consideration by the courts of appeals"). A decision from this Court, no less

than the Second, Fourth, Seventh, Ninth, and D.C. Circuits, may contribute to that process. Further, that these several cases are pending in the circuit courts may also counsel in favor of denying cert in *Contracting Plumbers* to allow for further percolation in the lower courts. *Cf. Mendoza*, 464 U.S. at 160.

5. Finally, if this Court denies Appellants' second request for an extension it could always decide—either on a party's motion or *sua sponte*—to hold this case in abeyance if and when the Supreme Court were to grant certiorari in *Contracting Plumbers* (or any of the other related cases).

Respectfully submitted,

*s/ Michele A. Horn*
Michele A. Horn
Adam Christopher Hernandez
Assistant City Attorneys
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org

*s/ Gabriel J. Daly*
Gabriel J. Daly
Sam Walsh
Roselle LLP
300 New Jersey Ave, NW, Suite 300
Washington, DC 20001
(617) 817-4105
gabe.daly@rosellellp.com

*Attorneys for Appellee the City and County of Denver*

/s/ *Michael Hiatt*
Michael Hiatt
Lindsey Dundas
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
ldundas@earthjustice.org

Matthew Gerhart
Jim Dennison
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org
jim.dennison@sierraclub.org

*Attorneys for Appellee-Intervenor Sierra Club*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 797 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Gabriel J. Daly*
Gabriel J. Daly

## CERTIFICATE OF SERVICE

I certify that on November 9, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

*s/ Shannon Egan*
Shannon Egan, Paralegal
Denver City Attorney's Office